O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ANDRE D. WICKER,  )  Case No. CV 15-0286 PA (JCG)
)
            Petitioner,  )  **ORDER SUMMARILY DISMISSING**
)  **PETITION FOR WRIT OF HABEAS**
      v.  )  **CORPUS WITHOUT PREJUDICE AND**
)  **DENYING CERTIFICATE OF**
ANTELOPE VALLEY PAROLE,  )  **APPEALABILITY**
)
            Respondent.  )
_____  )

## I.

## INTRODUCTION AND SUMMARY

On January 14, 2015, petitioner Andre Wicker ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). [Dkt. No. 1.]  However, Petitioner has failed to exhaust his state court remedies. Accordingly, and for the reasons discussed below, the Court dismisses the Petition without prejudice.  *See* 28 U.S.C. § 2254(b)(1)(A).

## II

## STATE COURT PROCEEDINGS

By way of background, in August 2012, a jury convicted Petitioner of failure to register as a sex offender in violation of Cal. Penal Code § 290(b).  (Pet. at 2); *People*

1   *v. Wicker*, 2013 WL 5934150, at *1 (Cal. Ct. App., Nov. 6, 2013).  Petitioner appealed

2   the conviction to the California Court of Appeal on two grounds: (1) there was

3   insufficient evidence to support his conviction; and (2) the trial court erred by

4   permitting read-back of the prosecutor's closing argument, which misstated the

5   requisite intent.  (Pet. at 2-3); *Wicker*, 2013 WL 5934150, at *1.  The Court of Appeal

6   affirmed Petitioner's conviction and, on January 15, 2014, the California Supreme

7   Court denied a petition for review.  *See Wicker*, 2013 WL 5934150, at *3;

8   http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=206368

9   4&doc_no=S215179.

### III.

### DISCUSSION AND ANALYSIS

12      As a rule, a state prisoner must exhaust state court remedies before filing a

13   federal habeas petition.  28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29

14   (2004).  To satisfy the exhaustion requirement, a petitioner must "fairly present" his

15   federal claims to the state courts "to give the State the opportunity to pass upon and

16   correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S.

17   364, 365 (1995) (*per curiam*) (internal quotation marks omitted).  Specifically, "[a]

18   state prisoner seeking relief with respect to a California conviction is required to fairly

19   present his federal claims to the California Supreme Court."  *Royal v. Davey*, 2014 WL

20   3791164, at *2 (C.D. Cal. July 31, 2014).  A claim is deemed to have been "fairly

21   presented" when the petitioner has "described both the operative facts and the federal

22   legal theory on which the claim is based."  *Pourahmad v. Doyle*, 2010 WL 770039,

23   at *1 (C.D. Cal. Feb. 20, 2010).

24      Here, Petitioner states a single claim for relief: ineffective assistance of counsel.

25   (Pet. at 5.)  However, Petitioner did not present an ineffective-assistance claim on

26   direct appeal.  (*See* Pet. at 2-3; *Wicker*, 2013 WL 5934150, at *1.)  Nor has Petitioner

27   filed any state-court habeas petition regarding this conviction.  (Pet. at 3.)

28   Consequently, the Court finds that the Petition is completely unexhausted, and subject

to dismissal without prejudice.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims . . . it may simply dismiss the habeas petition for failure to exhaust.").

Petitioner is advised that the Court's dismissal of his Petition is *without prejudice*.  If Petitioner wishes to pursue federal habeas relief, he may file a new federal habeas petition *after* he has "fairly presented" his unexhausted claim(s) in a state habeas petition to the California Supreme Court.  *Pourahmad*, 2010 WL 770039, at *1.

Petitioner is further advised that there is a one-year statute of limitations on federal habeas claims by a petitioner in state custody, which ordinarily begins to run at the end of the period during which that petitioner may seek direct review.  28 U.S.C. § 2244(d)(1); *see also Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (for purposes of determining when judgment is final under § 2244(d)(1), period of direct review includes "the ninety-day period within which [the petitioner] could have filed a petition for a writ of certiorari from the United States Supreme Court").  The limitations period is tolled while a properly filed application for state post-conviction relief, or other collateral review (such as a state habeas petition), is pending.  28 U.S.C. § 2244(d).  However, the limitations period is not tolled while a petition is pending in federal court.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## IV.

## CERTIFICATE OF APPEALABILITY

Additionally, for the reasons stated above, the Court finds that Petitioner has not shown that reasonable jurists would find it debatable whether this Court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  The Court thus declines to issue a certificate of appealability.

//

//

3

# V.

# ORDER

For the foregoing reasons, **IT IS ORDERED THAT** the Petition be **SUMMARILY DISMISSED** for failure to exhaust, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

    **IT IS FURTHER ORDERED THAT** a Certificate of Appealability be **DENIED**.

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: <u>February 5, 2015</u>          _____

                                 HON. PERCY ANDERSON
                            UNITED STATES DISTRICT JUDGE